No. 55,354

MICHAEL J. STEVENS, *Appellee,* v. JAYHAWK REALTY CO., INC. and FOREST TENNANT, *Appellants.*

(689 P.2d 786)

Opinion filed October 26, 1984.

*Robert C. Brown,* of Smith, Shay, Farmer & Wetta, of Wichita, argued the cause, and *Charles E. Orcutt,* of Hutchinson, was with him on the brief for appellants.

*William F. Bradley, Jr.,* of Martindell, Carey, Hunter & Dunn, of Hutchinson, argued the cause, and *Charles K. Hyter,* of Hutchinson, was on the brief for appellee.

*Per Curiam:* This is an action by Michael J. Stevens, a prospective purchaser of certain real estate, against Forest Tennant, a real estate broker, and Jayhawk Realty Co., Inc., seeking damages occasioned by the property not having been sold to him. The action is predicated upon theories of fraud and breach of a fiduciary duty. At trial the jury found for plaintiff on both theories of liability and awarded actual damages of $15,000 and punitive damages of $22,000. Defendants appealed the judgment to the Court of Appeals where the judgment was reversed and the case remanded with directions to enter judgment for defendants (*Stevens v. Jayhawk Realty Co.,* 9 Kan. App. 2d 338, 677 P.2d 1019 [1984]). This court granted review.

The lengthy factual statements contained in the Court of Appeals opinion are adequate and the same are adopted and incorporated herein by reference. Plaintiff's written offer of $210,000 and the Tennant-Casement written offer of $211,000 were submitted to the selling committee. Plaintiff's causes of action herein are predicated upon alleged wrongful acts of the defendants which resulted in plaintiff's willingness to pay $212,000 not being submitted to the selling committee for consideration, and, as the result thereof, the property was not sold to plaintiff. It is clear, however, that the selling committee had actual knowledge of plaintiff's willingness to pay $212,000 for the property at the time it voted to sell the property for $211,000

to the other parties. Therefore, the complained-of misconduct of defendants in the handling of the submission of the bids is not the cause of any actual damage to the plaintiff arising from his failure to acquire the property. A verdict for actual damages is essential to the recovery of punitive damages (*Lindquist v. Ayerst Laboratories, Inc.,* 227 Kan. 308, 607 P.2d 1339 [1980]). The exception set forth in *Capitol Fed'l Savings & Loan Ass'n v. Hohman,* 235 Kan. 815, 682 P.2d 1309 (1984), is inapplicable to the facts herein.

We conclude the Court of Appeals reached the correct result herein. We, therefore, affirm the judgment of the Court of Appeals which reversed the judgment of the district court and remanded the case with directions to enter judgment for defendants.