STATE of Wisconsin, Plaintiff-Appellant,

v.

William J. EASTMAN, Defendant-Respondent.

Court of Appeals

*No. 88-0292-CR. Submitted on briefs August 24, 1988.—Decided December 20, 1988.*

(Also reported in 435 N.W.2d 278.)

For the plaintiff-appellant, there were briefs by *Keith J. Peterson,* of Superior, and *Donald J. Hanaway,* attorney general and *Gregory M. Posner Weber,* assistant attorney general.

For defendant-respondent there was a brief by *James B. Gillen,* of *Marcovich, Cochrane, Milliken and Cunningham,* of Superior.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The state appeals an order dismissing a criminal complaint that charged Eastman with selling and possessing intoxicating liquors with the intent to sell without a license contrary to sec. 125.66(1), Stats.[1]

---

[1]Section 125.66(1) provides:

> Any person who sells, or possesses with intent to sell, intoxicating liquor and who does not hold the appropriate license or permit shall, upon conviction, be fined not less than $250 nor more than

The state alleges that as the true owner of a bar, Eastman was required to have a Class B license in his own name and that a bartender's license was insufficient to satisfy the terms of the statute. Because this court agrees that the true owner is required to have a Class B license for the premises, we reverse the dismissal order and remand to the trial court for further proceedings.

Eastman admits that he owns and operates K.C.'s Bar in Superior, Wisconsin. Eastman possesses a bartender's license, but the Class B license for the premises was issued in the name of Eastman's sister, Margaret Stella Johnson. Johnson admittedly has no interest in the premises, no voice in its management, and does not share in any profits. Eastman arranged to have his tavern licensed in his sister's name because he is a convicted felon who was not eligible to hold a Class B license in his own name at the time this arrangement was made.

The issue is whether ch. 125, Stats., requires Eastman to obtain a Class B license in his own name to comply with the requirement of sec. 125.04(1). This involves the interpretation of a statute, which is a question of law. We review questions of law without deference to the trial court's determination. *Tucker v. Marcus,* 142 Wis. 2d 425, 432, 418 N.W.2d 818, 820 (1988). If a statute is clear and unambiguous, we need not resort to judicial rules of construction; instead, we must implement legislative intent by giving effect to the statute's plain meaning. *Door County Highway Dept. v. DILHR,* 137 Wis. 2d 280, 291, 404 N.W.2d 548, 553–54

---

$1,000 plus costs or imprisoned in the county jail for not less than 3 months nor more than one year.

(Ct. App. 1987). We conclude that the statute requires the actual owner to possess a Class B license in his own name and that therefore the trial court erred by dismissing the complaint against Eastman.

Section 125.04(1) provides that "no person may sell ... or engage in any other activity for which this chapter provides a license ... without holding the appropriate license ...." Thus, the statute requires not only that Eastman hold a license, but that it be the appropriate license.

■

The statutory language requiring that a person who sells intoxicating liquors hold the appropriate license is clear and unambiguous. The license held must accurately define the holder's relationship with the licensed premises; a license that inaccurately reflects that relationship is not an appropriate license. While ch. 125 provides for a variety of licenses that one involved in the sale or distribution of intoxicating liquors may hold, the "appropriate" license for an owner of a Class B premises is a Class B license.

Furthermore, the supreme court has held, although in a different context, that the use of strawmen to avoid disclosing the name of the owner is not permitted. *Sponholz v. Meyer,* 270 Wis. 288, 70 N.W.2d 619 (1955); *Brill v. Salzwedel,* 235 Wis. 551, 292 N.W. 908 (1940). These cases interpreted the following statutory language: "No such license shall be issued to any person acting as agent for or in the employ of another." Sec. 176.05(3), Stats. (1939). Section 125.26(2), the current statute relating to Class B licenses for the retail sale of fermented malt beverages, provides:

> Class "B" licenses may be issued to any person qualified under s. 125.04(5), except a foreign corpo-

ration. *Such licenses may not be issued to any person acting as agent for* or in the employ of another . . . . (Emphasis supplied.)

Section 125.51(3)(c), relating to licenses and permits for the retail sale of intoxicating liquor, provides:

Except as provided under s. 125.69, a "Class B" license may be issued to any person qualified under s. 125.04(5), except a foreign corporation *or . . . an agent for* or in the employ of another. (Emphasis supplied.)

Because the pertinent statutory language has remained essentially unchanged since *Brill* and *Sponholz* were decided, the holdings in those cases that preclude the use of a strawman in the licensing process still apply.

■ While we do not construe an unambiguous statute, we note that there are strong public policy reasons for this result. The sale of alcoholic beverages is a heavily controlled and supervised enterprise. Businesses that sell intoxicating beverages are subject to restrictions and requirements that other enterprises are not subject to. This regulation can be meaningful only if the licensing authority is able to identify those who are engaged in the sale of intoxicating liquor and their true relationship with the business. Allowing the creation of strawmen or agents who are only nominal holders of licenses, lacking any true relationship or interest in the business, makes the regulation and supervision of this industry impossible.

Eastman argues that he possessed a valid bartender's license and that this is sufficient to authorize the sale of or possession with intent to sell intoxicating liquors. His argument is correct as far as it goes. If Eastman were simply a bartender, the possession of

258

such a license would be a complete defense to the charge.

The bartender's license, however, did not satisfy the statutory requirement of holding the appropriate license because Eastman was the owner and operator of the premises. He owned the building, actively managed and operated the business, and enjoyed all of the profits the business generated. As the owner of the business, possession of only a bartender's license was insufficient because it did not identify Eastman's true interest. Based upon the foregoing, we find that the court erred by dismissing the complaint and remand the matter to the trial court for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.