MANION, Circuit Judge,
concurring in part, dissenting in part.
I concur with the court’s per curiam opinion with the exception of the court’s final analysis holding that punitive damages could be available even when the court awards only restitution based on the defendant’s gain (as opposed to the plaintiffs loss). As I see it, Wisconsin law does not permit punitive damages unless there has been an award of compensatory damages. Groshek v. Trewin, 325 Wis.2d 250, 784 N.W.2d 163, 176 (2010) (“[Wjhere there is no award of compensatory damages, punitive damages are not available.”); see also Tucker v. Marcus, 142 Wis.2d 425, 418 N.W.2d 818, 823 (1988) (holding that “punitive damages are not available where there has been no ‘award’ of actual damages ” (emphasis added)).
Restitution based on the defendant’s gain is not a form of compensatory damages under Wisconsin law. For starters, restitution and compensatory damages are not calculated in the same way; compensatory damages are based on the harm suffered by the plaintiff, while restitution is based on the defendant’s gain. Because these remedies are calculated differently and do not always produce the same value of damages, restitution based on the defendant’s gain is treated as an alternative remedy to compensatory damages. See Restatement (Second) of Torts § 903 cmt. b (1979) (cited in N. Air Servs., Inc. v. Link, No. 2008AP2897, 2012 WL 130531, at *3 n. 4 (Wis.Ct.App. Jan. 18, 2012)). Furthermore, restitution is an equitable remedy, and Wisconsin still retains a distinction between law and equity for damages purposes. See Groshek, 784 N.W.2d at 175.
Therefore, restitution based on the benefit that WOW received would not be a sufficient basis for punitive damages. If the bankruptcy court wishes to award punitive damages, it must first award compensatory damages based on the harm Pro-Pac suffered.