John E. McGarrity and Patrick McGarrity, Plaintiffs-Respondents-Petitioners,

v.

Welch Plumbing Company and The Hanover Insurance Company, Defendants-Appellants.

Supreme Court

*No. 80–639. Argued October 6, 1981.—Decided November 3, 1981.*

(Also reported in 312 N.W.2d 37.)

For the petitioners there were briefs by *Robert D. Sundby, Jon P. Axelrod* and *DeWitt, Sundby, Huggett & Schumacher, S.C.*, of Madison, and oral argument by *Robert D. Sundby*.

For the defendants-appellants there was a brief by *Carroll Metzner* and *Bell, Metzner & Gierhart, S.C.*, of Madison, and oral argument by *Carroll Metzner*.

Amicus Curiae brief was filed by *Bronson C. La Follette*, attorney general, and *Roy G. Mita*, assistant attorney general, for the Department of Industry, Labor and Human Relations.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals[1] which reverses the judgment of the circuit court for Dane county, P. Charles Jones, circuit judge, and remands the matter to the circuit court for a new trial on the issues of both liability and damages. We reverse the decision of the court of appeals. We find no error in the trial of the issue of liability, but we hold that the circuit court erred in admitting certain evidence on the issue of damages, and we remand the matter to the circuit court to determine damages under sec. 805.15 (6), Stats. 1979–80.

This review arises from a personal injury action brought by Patrick McGarrity, a minor, against Welch Plumbing Company and Hanover Insurance Company. McGarrity was injured while helping his sixteen-year-old friend (Steven Welch) unload pipes from a truck at a Welch Plumbing Company construction and building operation. McGarrity's hand was crushed against a wall while the truck was being driven by Steven Welch. At the time of the accident Steven Welch was an employee of Welch Plumbing Company; McGarrity was not. The parties disagree as to whether Steven Welch was authorized to ask McGarrity to assist in unloading the pipes.

The jury determined that Welch Plumbing Company was 45 percent causally negligent for employing Steve Welch, a minor, 25 percent causally negligent for failing to supervise the boys, and 20 percent causally negligent

---

[1] The decision was filed January 22, 1981, and an additional opinion was filed on February 20, 1981, in reference to a motion to reconsider.

in the operation of the truck. McGarrity was found 10 percent causally negligent. The jury awarded McGarrity $35,000 in damages.

Although the parties raise several issues in their briefs, we consider only those two issues which were properly preserved for appeal and review, namely (1) did the trial court err in instructing the jury that if Welch Plumbing violated ·sec. Ind 70.06, Wis. Adm. Code (1969), such a finding is a finding of negligence on the part of Welch Plumbing; and (2) did the trial court err in admitting medical testimony which was expressed in terms of mere possibility and conjecture.[2]

## I.

In instructing the jury the circuit court defined ordinary care and negligence and advised the jury that a violation of a safety statute constitutes negligence. The circuit court then submitted the following special verdict question and accompanying instruction to the jury:

"Question No. 1 asks whether or not Welch Plumbing Company through its President, Richard Welch, violated Wisconsin law by employing the services of a minor, Steven Welch, under the age of 18, at a construction site.

"Wisconsin Statutes as amended by the Wisconsin Administrative Code provide that:

[2] Welch Plumbing raises two issues for the first time on appeal. First, it argues that the special verdict question on violation of a statute was improper because no causal connection was shown between McGarrity's injury and the alleged violation. Second, it argues that the special verdict was defective in that it permitted "tallying" of the defendant's negligence. Objections to jury instructions are waived if not presented to the trial court. *Allen v. Allen*, 78 Wis. 2d 263, 270–71, 254 N.W.2d 244 (1977); *Clay v. Bradley*, 74 Wis. 2d 153, 161, 246 N.W.2d 142 (1976); *Terpstra v. Soiltest, Inc.*, 63 Wis. 2d 585, 594, 218 N.W.2d 129 (1974).

" 'Ind. 70.06, Minimum Age for Hazardous Employments. The employments and places of employment designated herein shall be deemed to be dangerous or prejudicial to the life, health, safety or welfare of minors under the ages specified, and no employer shall employ or permit such minors to work in such employments.

" '(1) Minors Under 18 Years of Age.

" ' . . .

" '(c) Construction and Building Operations.

" ' . . .

" '6. Other construction operations including wrecking or demolition, except that minors 16 and 17 years of age may be employed on ground level work not near power-driven equipment.

" '(k) Motor vehicles over one ton capacity; driver.'

"You are instructed that the Villa de Medici construction project was in 1972 a construction or building operation.

" . . .

"If you answered Question No. 1 'Yes' that is a finding of negligence on the part of Welch Plumbing Company."

The second verdict question instructed the jury that if it had answered Question No. 1 "Yes," then it was to answer whether Welch Plumbing Company's negligence was a cause of the accident.

This instruction is based on the rule that violation of a legislative or quasi-legislative enactment is negligence *per se*. This court has held that when the legislature or an administrative agency prescribes what particular acts shall or shall not be done, the statute or rule may be interpreted as establishing a standard of care, "deviation from which constitutes negligence." *Wells v. Chicago & Northwestern Trans. Co.*, 98 Wis. 2d 328, 331–332, 296 N.W.2d 559 (1980); *Kalkopf v. Donald Sales & Mfg. Co.*, 33 Wis.2d 247, 254, 147 N.W.2d 277 (1967); *Reque v. Milwaukee & S. T. Corp.*, 7 Wis. 2d 111, 114a, 95 N.W.2d 752, 97 N.W.2d 182 (1959); Prosser, *Law of Torts* sec. 36, p. 190 (4th ed. 1971).

Welch Plumbing does not dispute the doctrinal validity of the rule of negligence *per se*. Welch Plumbing contends, however, that the circuit court erred in instructing the jury in using sec. Ind 70.06 of the Wisconsin Administrative Code in determining the standard of care in this negligence action because McGarrity is not within the class of persons protected by the administrative rule. This court has stated that in order for a violation of a safety statute to constitute negligence *per se*, it must appear that the person or property injured was within the class sought to be protected by the statute or rule. *Fleury v. Wentorf*, 82 Wis. 2d 105, 110, 262 N.W.2d 68 (1978); Restatement (Second) of Torts (1964) secs. 286 (a), 288 (d) (set forth in toto in *Wells v. Chicago & Northwestern Transp. Co.*, *supra*, 98 Wis. 2d at 332, and *Olson v. Ratzel*, 89 Wis. 2d 227, 238 n 13, 278 N.W.2d 238 (1979)).

The issue thus posed by the parties in this court, and previously in the court of appeals and in the circuit court, is whether McGarrity, under the circumstances of this case, is protected by sec. Ind 70.06, Wis. Adm. Code and the statutes pursuant to which this rule was promulgated. Interpretation of an administrative rule, like interpretation of a statute, is generally characterized as a question of law. The effect of such a characterization is that on review this court need not defer to the determination of the circuit court or of the court of appeals; the circuit court and the court of appeals are in no better position to interpret the statute or rule than this court.

We begin by analyzing the pertinent statutes and rules in effect on February 25, 1972, the date McGarrity was injured, and their relationship to each other. The key statutory provisions are secs. 103.65, 103.66 and 103.69, Stats. 1969. The rule in issue is sec. Ind 70.06, Wis. Adm. Code.

The circuit court's jury instruction incorporated sec. Ind 70.06, Wis. Adm. Code, which was promulgated by the Department of Industry, Labor and Human Relations (DILHR). This rule designates employments and places of employment deemed dangerous to minors and prohibits an employer from employing or permitting minors to work in such employments. Sec. Ind 70.06 provided as follows:

"The employments and places of employment designated herein shall be deemed to be dangerous or prejudicial to the life, health, safety, or welfare of minors under the ages specified, and no employer shall employ or permit such minors to work in such employments. Section 103.69, Wis. Stats., is altered as provided under section 103.66(1), Wis. Stats., to read as follows:
"(1) Minors under 18 years of age. . . .
". . .
"(c) Construction and building operations.
". . .
"(k) Motor vehicles over 1 ton capacity; driver."

The legislature has expressly empowered DILHR to create classifications of employments for minors such as found in sec. Ind 70.06, Wis. Adm. Code by sec. 103.66, Stats. 1969,[3] which authorizes DILHR to fix reasonable classifications of employments and places of employment for minors and to issue orders prohibiting the employment of minors in employments and places of employment prejudicial to minors and to carry out the purposes of secs. 103.65 to 103.82. One of the purposes of sec. 103.65,[4] to which sec. 103.66 refers, is to protect

---

[3] Sec. 103.66, Stats. 1969, provides as follows:
"103.66 **Powers and duties of the department.** (1) The department shall have power, jurisdiction and authority to investigate, determine and fix reasonable classifications of employments and places of employment for minors and females, and to issue general or special orders prohibiting the employment of such minors or females in employments or places of employment prejudicial to the life, health, safety or welfare of such minors or females, and to carry out the purposes of ss. 103.64 to 103.82."
[4] Sec. 103.65, Stats. 1969, provides as follows:

the minor employee, other employees and frequenters. Thus DILHR is authorized by statute to issue orders proscribing certain employment of minors for the purpose of protecting the minor employee, other employees and frequenters.

Although the legislature empowered DILHR to classify employments dangerous or prejudicial to minors, the legislature in sec. 103.69, Stats. 1969, nevertheless set forth its own classification (schedule) of the employments and places of employment deemed dangerous or prejudicial to minors. Sec. 103.69 does, however, provide that the legislatively-mandated classifications are only effective until altered or amended by DILHR pursuant to sec. 103.66(1).

Sec. Ind 70.06, Wis. Adm. Code, quoted above, by its terms expressly alters the legislative classifications set forth in sec. 103.69. Sec. 103.69, Stats. 1969, provides *inter alia* as follows:

"103.69 **Minimum ages for hazardous employments.** Except as the department may from time to time issue orders under s. 103.66(1) altering or supplementing the following schedule, the employments and places of employment designated herein shall be deemed to be dangerous or prejudicial to the life, health, safety or welfare of minors or females under the ages specified, and no employer shall employ or permit such minors or females to work in such employments. . . ."

Sec. 103.69 speaks of employment and places of employment dangerous or prejudicial to minors. Unlike secs. 103.65 and 103.66, sec. 103.69 does not expressly

"103.65 **General standards for employment of minors and females.** (1) No minor or female shall be employed or permitted to work at any employment or in any place of employment dangerous or prejudicial to the life, health, safety, or welfare of such minor or such female, or where the employment of such minor may be dangerous or prejudicial to the life, health, safety or welfare of other employes or frequenters."

address the issue of protection of employees or frequenters in those industries where employment of the minor may be dangerous or prejudicial to other employees or frequenters.

Welch Plumbing contends that although DILHR could use its power under sec. 103.66 to issue orders classifying employments of minors to further the life, health, safety or welfare of all employees and frequenters, DILHR issued sec. Ind 70.06 for a limited purpose, namely to amend sec. 103.69. Welch Plumbing points out that neither sec. 103.69 nor sec. Ind 70.06 makes reference to employees or to frequenters. Welch Plumbing concludes that sec. 103.69 and sec. Ind 70.06 are specifically oriented to afford protection to minor employees and that neither the other employees nor frequenters are afforded protection by sec. 103.69 and sec. Ind 70.06.

In contrast, McGarrity maintains that sec. Ind 70.06 was issued pursuant to sec. 103.66(1) and was designed not only to supplement sec. 103.69 but also to carry out the purposes of sec. 103.65 and all of the statutory provisions dealing with the employment of minors. McGarrity therefore concludes that he was within the class of persons intended to be protected by sec. Ind 70.06, Wis. Adm. Code.

The dispute between the parties thus centers on the question whether sec. Ind 70.06, Wis. Adm. Code, the violation of which was declared by the circuit court to be negligence *per se,* was intended solely to define those employments or places of employment dangerous to minor employees or was intended to define those employments or places of employment dangerous to other persons in addition to minor employees. It is undisputed at this stage of the action that McGarrity was not an employee of Welch Plumbing Company[5] and that McGarrity is

---

[5] Sec. 101.01(4), Stats. 1969, provides as follows:

"101.01 . . . (4) The term 'employe' shall mean and include every person who may be required or directed by any employer,

either a frequenter,[6] or, according to the court of appeals, a minor permitted to work. Unless sec. Ind 70.06 was intended to protect a minor who was a frequenter or who was permitted to work, McGarrity cannot bring himself within the class of persons protected by the rule. If McGarrity is not within the protected class, violation of the rule is not negligence *per se,* and the circuit court erred in instructing the jury.

The court of appeals looked to the words of sec. Ind 70.06 which explicitly state that sec. Ind 70.06 alters sec. 103.69, Stats. 1969, and concluded that sec. Ind 70.06 was promulgated solely as a supplement to sec. 103.-69, Stats. 1969. It further concluded that the purpose of sec. 103.69 was to protect minor employees and that consequently the purpose of sec. Ind 70.06 was to protect minor employees. Relying on this interpretation of sec. Ind 70.06, the court of appeals held that the circuit court erred in instructing the jury that Welch Plumbing Company's violation of sec. Ind 70.06 was negligence *per se.* The court of appeals reasoned as follows:

"The focus of sec. 103.69, Stats. 1969, is on the protection of minors, not their fellow workers or those who

in consideration of direct or indirect gain or profit, to engage in any employment, or to go or work or be at any time in any place of employment."

Sec. 103.64(1), Stats. 1969, makes sec. 101.01(4) applicable to secs. 103.65, 103.66 and 103.69.

McGarrity's employment status was disputed in a worker's compensation hearing. The determination by the hearing examiner, which was affirmed by the commission on August 8, 1975, was that McGarrity was not an employee of Welch Plumbing Company.

[6] Sec. 101.01(5), Stats. 1969, which is applicable to secs. 103.65, 103.66 and 103.69, provides as follows:

"101.01 . . . (5) The term 'frequenter' shall mean and include every person, other than an employe, who may go in or be in a place of employment or public building under circumstances which render him other than a trespasser."

are in the vicinity of places where minors work. Steven Welch is a member of the class which sec. 103.69 sought to protect [since he was a minor employee]. The statute was not intended to protect his fellow worker Patrick McGarrity from injuries arising as a result of Steven's employment. Patrick is therefore not a member of the class which the statute sought to protect by forbidding Steven's employment. Accordingly, Welch Plumbing Company was not negligent *per se* in violation of the statutes by employing Steven." Court of Appeals at 9–10.

After thus setting forth "the focus" of sec. 103.69 and sec. Ind 70.06 and concluding that McGarrity is not within the protected class, the court of appeals acknowledges that sec. 103.69 is ambiguous. The court of appeals stated that "it is not clear whether sec. 103.69, Stats., prevents an employer from allowing all minors or only minor employees to work at a job site." Court of Appeals at 13. The court of appeals holds that the former interpretation is correct and concludes that McGarrity is entitled to the protection of sec. 103.69 as a minor permitted to work at a dangerous occupation even though he was not an employee of Welch Plumbing. However, the court of appeals still finds the negligence *per se* instruction erroneous, reasoning that the intent of sec. 103.69 (and thus sec. Ind 70.06) is to protect a minor working on the premises from his or her own activities, not from the activities of other minors or any other workers and "the question of whether Welch Plumbing Company could be negligent by permitting Patrick McGarrity to work is different from the issue of whether it could be negligent by employing Steven Welch." Court of Appeals at 12. The court of appeals suggests that on retrial the jury might be instructed as to Welch Plumbing Company's negligence in permitting McGarrity to work.

We too conclude that sec. Ind 70.06 is ambiguous in that it is capable of being understood in two or more

ways by a reasonably well-informed person. *Wirth v. Ehly,* 93 Wis. 2d 433, 441, 287 N.W.2d 140 (1980). Judicial construction of the rule is therefore necessary.

Our aim in construing sec. Ind 70.06 is to discern the intent of DILHR, the quasi legislative body, which adopted the rule. *Green Bay Packaging, Inc. v. DILHR,* 72 Wis. 2d 26, 35, 240 N.W.2d 422 (1976). The cardinal rule is that a construction which fosters the purpose of the rule is to be sought and is favored over a construction which will defeat the manifest object of the rule. *Student Asso., U. of Wis.-Milw. v. Baum,* 74 Wis. 2d 283, 294–5, 246 N.W.2d 622 (1976). Legislative intent may be ascertained by an examination of the words of the rule in relation to the scope, history and subject matter of the rule and the object intended to be accomplished or the ill to be remedied by the rule. *State v. Wachsmuth,* 73 Wis. 2d 318, 325, 243 N.W.2d 410 (1976) ; *State Medical Society of Wisconsin v. Commissioner of Insurance,* 70 Wis. 2d 144, 155, 233 N.W.2d 470 (1975) ; *Aero Auto Parts, Inc. v. Dept. of Transportation,* 78 Wis. 2d 235, 240–41, 253 N.W.2d 896 (1977).

Our examination of sec. Ind 70.06 in the context of the Wisconsin safety and child labor laws in chs. 101 and 103, Stats. 1969, leads us to conclude that McGarrity is within the class of persons sought to be protected by sec. Ind 70.06.

The legislature expressed its concern for the safety of employees and frequenters in several provisions in chapter 101 of the statutes which is devoted to regulating various aspects of industry. Secs. 101.09[7] and 101.-

---

[7] Sec. 101.09, Stats. 1969, provides as follows:

"**101.09 Supervisory jurisdiction and powers of department over employments and places of employment.** The department is vested with the power and jurisdiction to have such supervision of every employment, place of employment and public building in this state as may be necessary adequately to enforce and administer all laws

10[8] vest DILHR with the power and jurisdiction to enforce and administer laws and orders requiring employment and places of employment to be safe and requiring the protection of the life, health, safety and welfare of every employee in such employment or place of employment and every frequenter of such place of employment.[9]

and all lawful orders requiring such employment, place of employment or public building to be safe, and requiring the protection of the life, health, safety and welfare of every employe in such employment or place of employment and every frequenter of such place of employment, and the safety of the public or tenants . . . ."

[8] Sec. 101.10, Stats. 1969, provides as follows:

"101.10 **Other powers, duties and jurisdiction of department.** It shall also be the duty of the department, and it shall have power, jurisdiction and authority:

". . .

"(2) To administer and enforce, so far as not otherwise provided for in the statutes, the laws relating to child labor, . . . and all other laws protecting the life, health, safety and welfare of employes in employments and places of employment and frequenters of places of employment.

"(3) To investigate, ascertain, declare and prescribe what safety devices, safeguards or other means or methods of protection are best adapted to render the employes of every employment and place of employment and frequenters of every place of employment safe, and to protect their welfare as required by law or lawful orders.

"(4) To ascertain and fix such reasonable standards and to prescribe, modify and enforce such reasonable orders for the adoption of safety devices, safeguards and other means or methods of protection to be as nearly uniform as possible, as may be necessary to carry out all laws and lawful orders relative to the protection of the life, health, safety and welfare of employes in employments and places of employment or frequenters of places of employment."

[9] *See also* sec. 101.01(7), Stats. 1969, which is applicable to secs. 103.65, 103.66 and 103.69, and which defines the term safe or safety as follows:

"101.01 . . . (7) The term 'safe' or 'safety' as applied to an employment or a place of employment or a public building, shall mean such freedom from danger to the life, health, safety or welfare of employes or frequenters, or the public, or tenants, or firemen, . . . ."

The child labor law provisions in ch. 103, Stats. 1969, similarly express the legislature's concern that workers and frequenters be protected. The legislature intended that minors not be employed or permitted to work in hazardous occupations in order that the minors be protected and that fellow workers and frequenters who may be injured as a result of a minor's employment in hazardous occupations be protected. The legislature has specifically empowered DILHR to promulgate rules regulating the employment of minors to protect the minor, other employees and frequenters. *See* secs. 103.65 (1), 103.66 (1), 103.69, Stats. 1969, *supra.*

The child labor laws and DILHR rules cannot be read and understood as a series of separate statutory and administrative provisions but must be viewed as one cohesive enactment. Sec. Ind 70.06 cannot be read in isolation. It must be read in conjunction with secs. 103.-65 and 103.66, as well as with sec. 103.69. If we read sec. Ind 70.06 as part of a comprehensive statutory and regulatory scheme, we conclude that sec. Ind 70.06 was intended to prohibit minors from being employed in or permitted to work in hazardous occupations to protect the minors and to protect fellow workers and frequenters who may be injured as a result of the minor's employment.

Our interpretation of sec. Ind 70.06 is supported by the legislative history of sec. Ind 70.06. Although the revisions of sec. Ind 70.06 subsequent to 1972 do not govern the case before us, these revisions may be accorded some weight as aids to this court in determining what was intended by the legislature and by DILHR in the 1969 enactments. *See Yanta v. Montgomery Ward & Co.,* 66 Wis. 2d 53, 61, 224 N.W.2d 389 (1974) ; *Milwaukee Fire Fighters Asso. v. Milwaukee,* 50 Wis. 2d 9, 19, 183 N.W.2d 18 (1971) ; *Konkel v. Town of Raymond,* 101 Wis. 2d 704, 711, 305 N.W.2d 190 (Ct. App. 1981).

See also 2A Sands, *Sutherland on Statutory Construction,* sec. 49.11, (4th ed. 1973).

In 1971 the legislature recodified the child labor provisions in ch. 103. Ch. 271, Laws of 1971. Sec. 103.69, Stats. 1969, as repealed and recreated, eliminated the statutory schedule of hazardous and dangerous employments and places of employment and created a council on child labor to review minimum ages for hazardous employment and to make recommendations to the department to protect the life, health, safety and welfare of minors; DILHR was authorized to issue orders under sec. 103.66 to give effect to the council's recommendations. Sec. 103.69, Stats. 1971, reads as follows:

"103.69 **Council on child labor.** The council on child labor shall review biennially the hours of employment for minors and the minimum ages for hazardous employment determined by the department under s. 103.66 and make recommendations to the department it deems necessary to protect the life, health, safety and welfare of minors. The department may, by orders issued under s. 103.66, give effect to the recommendations of the council."

According to the notes of the Legislative Council, sec. 103.69 was revised to eliminate the statutory classification of employments because the statutory list, frequently modified by order of DILHR, was never current. The revised sec. 103.69 established a procedure for periodic review of the sec. Ind 70.06 list to meet the changing job market and technology.

In 1973 DILHR revised and recreated ch. Ind 70, Wis. Adm. Code., effective March, 1974. Sec. Ind 70.06 was revised and recreated to read as follows:

"*Ind 70.06 Minimum age for hazardous employment.* The employments and places of employment designated herein shall be deemed to be dangerous or prejudicial to the life, health, safety, and/or welfare of minors under the ages specified, *and their employment may be danger-*

*ous or prejudicial to the life, health, safety and/or wel-*
*fare of other employes or frequenters* and no employer
shall employ or permit such minors to work in such
employments." (Emphasis added.)

It is clear in the 1974 revised version of sec. Ind 70.06
and the classifications contained therein that other em-
ployees and frequenters are intended to be within the
class of persons protected by the rule. The DILHR ma-
terials relating to the drafting and adoption of sec. Ind
70.06 do not explain the reason for this revision of the
introductory language to sec. 70.06. *See* Minutes of the
Meeting of the Child Advisory Board, March 9, 1973.

While it is clear that the 1974 revision of sec. Ind
70.06 is prospective and that our duty is to construe the
rule as it existed at the time of the accident in 1972, the
1974 revision of sec. Ind 70.06 is some evidence that
DILHR intended the earlier language to protect not only
minor employees but all employees and frequenters.

On reading sec. 103.69, Stats., and sec. Ind 70.06,
Wis. Adm Code, in the context of the safety and child
labor laws, we conclude that McGarrity is in the class
of persons intended to be protected by sec. Ind 70.06
and that the circuit court did not err in giving the in-
struction.

## II.

The second issue posed is whether the circuit court
erred in allowing medical testimony concerning the pos-
sibility of future severe arthritic complications.

McGarrity's physician testified that McGarrity would
probably develop arthritis in the future. This testimony
met the requisite test of certainty. *Pucci v. Rausch,* 51
Wis. 2d 513, 518–19, 187 N.W.2d 138 (1971).

However, the physician went on to testify over objection, that the arthritis might be severe—but it might not be. The physician testified that he hoped McGarrity would not need to undergo additional surgery as a result of the arthritis, but he guessed that there was a 20 percent probability that McGarrity would have to have surgery sometime in the future. He also testified that if McGarrity needed an operation it would cost $2,000 to $3,000 as of the time of trial.

The court of appeals correctly held that an expert opinion expressed in terms of possibility or conjecture is insufficient and that the trial court erred in allowing the introduction of this testimony. McGarrity argues on review that the error was harmless. We agree with the court of appeals that an examination of the entire record requires us to conclude that the error was not harmless.

Finding the error prejudicial, the court of appeals remanded the matter for a new trial on damages. McGarrity argues that if this court finds the error prejudicial this court should remand the issue of damages to the circuit court under sec. 805.15(6), Stats. 1979–80, which provides as follows:

"(6) Excessive or inadequate verdicts. If a trial court determines that a verdict is excessive or inadequate, not due to perversity or prejudice or as a result of error during trial (other than an error as to damages), the court shall determine the amount which as a matter of law is reasonable, and shall order a new trial on the issue of damages, unless within 10 days the party to whom the option is offered elects to accept judgment in the changed amount. . . ."

The error in this case was directly related to damages. In *Spleas v. Milwaukee & S.T. Corp.*, 21 Wis. 2d 635, 646, 124 N.W.2d 593 (1963), this court held that the *Powers*

rule of remittitur, *Powers v. Allstate Ins. Co.*, 10 Wis. 2d 78, 102 N.W.2d 393 (1960), may be employed where the only prejudicial error relates directly to damages. Because the only error in the case at bar relates to damages, we conclude that this case is an appropriate one in which to apply the *Powers* option. We therefore remand the issue of damages to the circuit court to determine damages under sec. 805.15(6), Stats. 1979–80.

*By the Court.*—Decision of the court of appeals reversed and the cause remanded to the circuit court to determine damages under sec. 805.15(6), Stats. 1979–80.