IN the MATTER OF the TRUST ESTATE OF John D. RICE, Deceased:

J. David RICE, Trustee of the Trust Estate of John D. Rice, Deceased, Appellant,

v.

COUNTY OF MONROE, Respondent.

Court of Appeals

*No. 94–0176. Submitted on briefs August 11, 1994.—Decided September 22, 1994.*

(Also reported in 523 N.W.2d 168.)

660

For the appellant the cause was submitted on the briefs of *J. David Rice* of *Rice & Heitman, S.C.* of Sparta.

For the respondent the cause was submitted on the brief of *Mark L. Goodman* of Sparta.

Before Dykman, Sundby, and Vergeront, JJ.

VERGERONT, J.  J. David Rice, trustee of the trust estate of John D. Rice, appeals from an order denying his motion for declaratory judgment and directing him to pay a $600 filing fee for a testamentary trust inventory filed with the Monroe County Register in Probate. Rice sought a declaration that the register in probate lacked authority under § 814.66(1)(a), STATS.,[1] to collect a fee upon the filing of a testamentary trust inventory when the estate of John D. Rice had already paid a filing fee in the amount of 0.1% of the amount of the decedent's gross estate, which included the assets listed in the testamentary trust inventory. Because we conclude that § 814.66(1)(a) does not permit the collection of the second fee, we reverse.

## I.  FACTS

The facts are undisputed. The decedent, John D. Rice, died on September 16, 1991, and a petition for administration was filed in Monroe County Circuit Court. The decedent's will created a testamentary trust for the benefit of the decedent's spouse and children. Following admission of the will to probate, J. David Rice was appointed personal representative of the

---

[1] Except as otherwise indicated, all statutory references are to the 1991-92 statutes.

estate of John D. Rice and also appointed testamentary trustee of the trust estate of John D. Rice.

In compliance with § 858.01(1), STATS., Rice, as personal representative of the estate, filed an inventory of all property owned by the decedent. The inventory listed assets totalling $1,123,700. Pursuant to § 814.66(1)(a), STATS., which requires a filing fee of 0.1% of the amount of the gross estate, the estate paid $1,123.70 to the register in probate.

The trial court approved the final account filed by Rice as personal representative and assigned the remaining balance of the probate estate to the trust estate. Rice filed a receipt and release with the court in his capacity as trustee indicating that he had received the sum of $600,000 from the estate, and was discharged as personal representative.

The register in probate advised Rice that a trust inventory had to be filed. Rice filed a trust inventory listing the total value of trust property as $600,000. The register in probate notified Rice that he must pay a $600 filing fee, representing 0.1% of the trust estate.

Rice filed a motion for declaratory judgment asking the trial court to declare that a second filing fee imposed on the value of assets already taxed upon the filing of the estate inventory was not required under § 814.66(1)(a), STATS. Rice served notice of the motion on both Monroe County and the State of Wisconsin Attorney General's office because fees collected under § 814.66(1)(a) are divided equally between the County and the State of Wisconsin. Section 814.66(3). Only the County opposed the motion. An assistant attorney general informed the trial court that the testamentary trustee's position was consistent with the past and current opinions of the attorney general.

662

The trial court concluded that § 814.66(1)(a), STATS., required the payment of both fees. It denied Rice's motion for declaratory judgment and directed him to pay a $600 filing fee for the filing of the trust inventory.

## II. SCOPE OF REVIEW

Whether the Monroe County Register in Probate may collect a second fee upon the filing of the trust inventory turns upon an interpretation of § 814.66(1)(a), STATS. The construction of a statute and its application to a known set of facts is a question of law which this court reviews *de novo*, without deference to the trial court's conclusions. *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985).

## III. STATUTORY ANALYSIS

The purpose of all statutory construction is to discern the intent of the legislature. *State v. Eichman*, 155 Wis. 2d 552, 560, 456 N.W.2d 143, 146 (1990). In determining the legislature's intent, first resort must be to the language of the statute itself. *State v. Martin*, 162 Wis. 2d 883, 893, 470 N.W.2d 900, 904 (1991). If the language of the statute is ambiguous or unclear, the court examines the scope, history, context, subject matter and the object of the statute in order to ascertain the intent of the legislature. *Tahtinen*, 122 Wis. 2d at 166, 361 N.W.2d at 677; *Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 538, 345 N.W.2d 389, 394 (1984). A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two

663

or more different senses. *Martin*, 162 Wis. 2d at 894, 470 N.W.2d at 904.

At the time of the proceedings before the trial court, § 814.66(1)(a), STATS., provided in relevant part:[2]

> (1) The register in probate shall collect the following fees:
> (a) 2. For filing a petition whereby any proceeding in estates of deceased persons is commenced, if the gross estate or value of the property is $10,000 or less, a fee of $10; if the gross estate is more than $10,000, a fee of 0.1% of the amount of the gross estate.
> 3. The fees shall be paid at the time of the filing of the inventory or other documents setting forth the value of the estate in the proceedings, and shall apply to inventories filed in testamentary trusts and to the proceeds passing by virtue of revocable inter vivos trusts. The fees fixed in this paragraph shall also be paid in survivorship proceedings, and in the survivorship proceedings the

---

[2] Section 814.66(1)(a), STATS., was amended by 1993 Wis. Act 160, §§ 11-13. Section 814.66(1)(a)2m was created and reads:

> In determining the value of the gross estate or the value of the property under subd. 2, the value of property that passes under a revocable inter vivos trust is excluded.

Section 814.66(1)(a)3 was amended to read:

> The fees shall be paid at the time of the filing of the inventory or other documents setting forth the net value of the property subject to administration in the proceedings, and shall apply to inventories filed in testamentary trusts. The fees fixed in this paragraph shall also be paid in survivorship proceedings, and in the survivorship proceedings the value shall be based on the value of the property passing to the survivors.

The effective date of these sections of 1993 Wis. Act 160 was April 1, 1994.

value shall be based on the value of the property passing to the survivors.

Monroe County argues that the statute is unambiguous and clearly dictates that two fees be paid, one upon the filing of the estate inventory and one upon the filing of the trust estate inventory. The County reasons that subd. 2 specifies how each fee is calculated and subd. 3 specifies the time of each payment. The latter subdivision provides that "fees shall be paid at the time of the filing of the inventory or other documents setting forth the value of the estate in the proceedings, and shall apply to inventories filed in testamentary trusts . . . ." The County reads the phrase "and shall apply to inventories filed in testamentary trusts" to require payment of a second and separate fee when the trust inventory is filed.

While the County's reading of the statute is a reasonable one, it is not the only reasonable construction. The fee specified in subd. 2 is based on a percentage of the amount of "the gross estate," and subd. 3 can be reasonably understood to specify those assets that are to be included in the gross estate for purposes of computing the single fee. Under this reading, the phrase "and shall apply to inventories filed in testamentary trusts" means that the filing of a separate inventory for the testamentary trust does not reduce the fee to be paid on the gross estate. Since we find the statutory language ambiguous, we consider the context, purpose and history of the statute to determine the intent of the legislature. *Ball*, 117 Wis. 2d at 538, 345 N.W.2d at 394.

Section 814.66(1)(a)2, STATS., imposes a fee "[f]or filing a petition whereby any proceeding in estates of deceased persons is commenced . . . ." We examine first

665

the procedure established by statute for the probate of estates that include testamentary trusts in order to understand this language in proper context.

The required contents of a petition for administration are set forth in §§ 856.09 and 879.01, STATS. If the decedent's will creates a testamentary trust, the petition must include the name and post-office address of the person named as testamentary trustee. Section 856.09(5). A testamentary trust is subject to the continuing jurisdiction of the court assigned to exercise probate jurisdiction. Section 701.01(6), STATS. When a will provides for a testamentary trust, letters of trust are issued to the trustee upon admission of the will to probate at the same time that letters are granted to the personal representative, unless the court directs otherwise. Section 856.29, STATS. In this case, Rice was named in the will as both personal representative and trustee, and was appointed to both positions upon admission of the will to probate.

The personal representative must file an inventory of all property owned by the decedent. Section 858.01(1), STATS. The testamentary trustee is also required to file an inventory. Section 701.16(3), STATS., provides that the trustee "shall make and file a verified inventory of all property received from the settlor's personal representative or from any other source." However, the testamentary trustee does not file a petition. Whether or not the will creates a testamentary trust, there is only one petition: the petition for administration that initiates the probate of a will.

Just as there is only one petition filed when a will creates a testamentary trust, there is only one proceeding. The testamentary trustee is appointed in the proceeding for administration of the estate and assumes office at that time. Section 701.16(1)(a), STATS.

Although the trustee's duties continue after the discharge of the personal representative of the estate, the trustee does not initiate another proceeding.

The County argues that the letters of trust initiate a separate proceeding with respect to the trust. We can see no basis in the language of § 814.66(1)(a), STATS., itself, or in any related statute, for treating the letters of trust as a "petition whereby any proceeding in estates of deceased persons is commenced."

For purposes of this appeal, we accept as true the County's assertion that a testamentary trust creates extra work for the register in probate. However, that fact does not aid us in our construction of the statute. In *Treiber v. Knoll*, 135 Wis. 2d 58, 65, 398 N.W.2d 756, 758 (1987), the court held that the exaction charged estates under § 814.66(1)(a), STATS., although called a "fee," is in reality a tax on the disposition of property at death. It is a tax, rather than a fee, because it "is based entirely upon the value of the estate; it is not based upon the services performed by the probate court." *Id.*

The legislature has chosen to raise revenue for the probate court system by requiring a fee based on the value of the estate, not the number or complexity of the tasks and services involved in distributing the estate's assets. *Treiber*, 135 Wis. 2d at 65, 398 N.W.2d at 758. Therefore, additional services performed by the register in probate for a testamentary trust do not provide a reason for interpreting the statute to require a second fee for a testamentary trust inventory.

The County correctly notes that the court in *Treiber* recognized that the purpose of the exaction is to raise revenue to pay for the probate court system. It also recognized that no taxation scheme is entirely free of all discriminatory impact. *Treiber*, 135 Wis. 2d at 66, 398 N.W.2d at 759. Perhaps the County is correct that

667

the legislature could exact a second fee on testamentary trust assets without offending any constitutional provision. But that issue is not before us. The issue before us is whether the legislature intended to exact a second fee. Based on our reading of the statute in the context of the applicable probate procedure, our conclusion is that it did not.

Our reading of § 814.66(1)(a), STATS., is confirmed by its legislative history. Prior to 1969, the statute, then numbered § 253.34(1)(a), STATS., contained no reference to either testamentary trusts or inter vivos trusts. Laws of 1969, ch. 120 added the italicized language:

> 253.34(1)(a) For filing a petition whereby any proceeding in estates of deceased persons is commenced, when the gross estate or value of the property is $1,000 or less, no fee; . . . and for each succeeding $100,000 or fraction thereof, an additional fee of $100. Such fees shall be paid at the time of the filing of the inventory or other documents setting forth the value of the estate in such proceedings, *and shall apply to inventories filed in testamentary trusts and to the proceeds passing by virtue of revocable inter vivos trusts.* The fees fixed in this paragraph shall also be paid in survivorship proceedings, and in such survivorship proceedings the value shall be based on the value of the property passing to the survivors.

(Emphasis added.)

In its analysis of this new language, the Legislative Reference Bureau stated:

> In calculating fees paid in filing a petition for proceedings in estates of deceased persons, the register in probate shall *include* inventories filed in testamentary trusts and proceeds passing by virtue of

668

> revocable inter vivos trusts. Under present law these are not included.

Legislative Reference Bureau Analysis, Laws of 1969, ch. 120 (emphasis added).

The analysis by the Legislative Reference Bureau makes clear that the purpose of the new language on testamentary trust inventories was to require the inclusion of the trust property when computing the fee for filing the petition for administration of the estate. That had not been done previously. This new language was added to require that testamentary trust property be counted once, not to require that it be counted twice.

The most recent amendment to § 814.66(1)(a), STATS., which took effect after this appeal was filed, does not affect testamentary trusts but is consistent with our analysis.[3] 1993 Wis. Act 160, §§ 11-13 deleted the language in § 814.66(1)(a)3 concerning revocable inter vivos trusts and added a subdivision that states that "[i]n determining the value of the gross estate or the value of the property under subd. 2, the value of property that passes under a revocable inter vivos trust is excluded." *See* note 2. The reason for this change is that property passing under a revocable inter vivos trust is not subject to probate administration at all.[4] It would therefore be inequitable to include the value of property passing under a revocable inter vivos trust in the gross estate for purposes of calculating the probate filing fee. This is obviously not true of property passing by testamentary trust. Testamentary trust property is

---

[3] Statutory revisions occurring after Rice's motion was filed may be accorded some weight in our determination of legislative intent. *See McGarrity v. Welch Plumbing Co.*, 104 Wis. 2d 414, 427, 312 N.W.2d 37, 43-44 (1981).

[4] Legislative Reference Bureau drafting record, 1993 Wis. Act 160.

created by will, is included in the decedent's gross estate, and is distributed to the trust during the probate of the estate. The requirement that testamentary trust property be included when computing the value of the gross estate remains unchanged.

Based on the wording of § 814.66(1)(a), STATS., the relationship of that section to those governing the procedure for administration of estates and testamentary trusts, and the legislative history of § 814.66(1)(a), we conclude that the Monroe County Register in Probate may not collect a second fee upon the filing of the testamentary trust inventory.

*By the Court.*—Order reversed.