In the Matter of the Guardianship of
Bradley C. S.:

Angela S., Guardian for Bradley C. S.,
Appellant,

v.

Jefferson County,
Respondent.

Court of Appeals

*No. 2006AP27. Submitted on briefs April 24, 2006.
—Decided October 5, 2006.*

2006 WI App 260

(Also reported in 726 N.W.2d 300.)

On behalf of the appellant, the cause was submitted on the briefs of *Julie A. Short* of *Vance, Wilcox, Short & Short, S.C.*, Ft. Atkinson.

On behalf of the respondent, the cause was submitted on the brief of *E. Scott Scheibel, Jefferson County Corporation Counsel*, Jefferson.

Before Dykman, Deininger and Higginbotham, JJ.

¶ 1. DYKMAN, J. Angela S., as guardian of her husband's estate, appeals from an order requiring her to file a supplemental inventory listing the personal injury proceeds paid to her husband's estate after she filed the guardianship inventory. Angela S. argues that her husband's unliquidated personal injury claim had no value when the inventory was filed and thus the register in probate may not require an additional fee based on its subsequent liquidation. We conclude that WIS. STAT. § 814.66(1)(b)2. (2003–04)[1] calculates the probate filing fee based on the total value of an estate,

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

---

which includes the value of unliquidated claims held by the estate at the time of inventory. Accordingly, we affirm.

## Background

¶ 2. The following facts are taken from the circuit court's oral decision and the 2004 annual account for Brad S. In 1999, Angela S. was appointed guardian of her husband, Brad S., and his estate. At the time of the appointment, Brad S. possessed a cause of action in tort. However, when Angela S. filed a guardianship inventory in 2000, she failed to list that cause of action as property of the estate.

¶ 3. In her 2004 annual account for Brad S.'s estate, Angela S. listed $3,205,817 in personal injury settlement funds as "assets and income received." Jefferson County asserted that an additional filing fee was due for assets reported on the 2004 annual report that were not listed in the guardianship inventory. Angela S. refused to pay the fee, challenging the Register of Probate's right to impose a filing fee on the personal injury damages received after she filed the guardianship inventory. The circuit court found that the cause of action was Brad S.'s property when the guardianship inventory was filed, and that, when its value became known, a supplemental inventory under WIS. STAT. § 858.17 must be filed to reflect its value. Angela S. appeals from that order.

## Standard of Review

¶ 4. This case requires us to interpret WIS. STAT. § 814.66(1)(b)2. The interpretation of a statute is a

question of law, which we review de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997).

## Discussion

¶ 5. Statutory construction requires us to determine the legislature's intent in enacting the statue. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. We begin with the plain language of the statute and then turn to extrinsic aids such as legislative history if that language is ambiguous. *Id.*, ¶¶ 45–50. WIS. STAT. § 814.66 states:

> (1) The register in probate shall collect the following fees:
>
> . . . .
>
> (b)2. For filing a petition for guardianship of the estate under ch. 880 or an application for conservatorship under ch. 880, if the value of the property, less encumbrances, liens or charges, is $10,000 or less, a fee of $20 and, if more than $10,000, a fee of 0.2% of the value of the property, less encumbrances, liens or charges.
>
> 3. The fee shall be paid at the time of filing of the inventory or other documents setting forth the value of the estate in the proceedings.

██

¶ 6. The circuit court concluded that WIS. STAT. § 814.66(1)(b)2. requires a filing fee based on the total value of the estate, including the value of any subsequently liquidated claims. That is a reasonable interpretation of the statute. But looking only at § 814.66(1)(b)2.,

one could also reasonably conclude that the time for valuing an estate is at the time of filing the inventory, and an item which has no value then is not included in the estate. However, we conclude from examining closely related statutes that the statute is not ambiguous, and that the trial court's conclusion as to the meaning of § 814.66(1)(b)2. is correct.

¶ 7. The supreme court explained in *Kalal* that the determination of a statute's "plain meaning" can involve consideration of its "scope, context and purpose," so long as these things are ascertainable from statutory "text and structure." *Kalal*, 271 Wis. 2d 633, ¶ 48. The court also said this: "A statute's purpose or scope may be readily apparent from its plain language or its relationship to surrounding or closely-related statutes—that is, from its context or the structure of the statute as a coherent whole." *Id.*, ¶ 49. We thus turn to the text of closely related statutes to see whether they make plain the meaning of WIS. STAT. § 814.66(1)(b)2.

██

¶ 8. WISCONSIN STAT. § 814.66(1)(b)2. makes clear that guardianship filing fees are based on the value of the property in the guardianship estate. A guardian must inventory the ward's estate upon appointment "in the same manner and subject to the same requirements as are provided for the inventory of a decedent's estate." WIS. STAT. § 880.18. We therefore turn to the requirements for inventorying a decedent's estate, contained in WIS. STAT. ch. 858.

¶ 9. Under WIS. STAT. § 858.01, the personal representative "shall file an inventory of all property owned by the decedent." The inventory must include "all property subject to administration." WIS. STAT. § 858.07. Further, WIS. STAT. § 858.17 states, in perti-

nent part: "If any property not included in the inventory comes to the knowledge of the personal representative, the personal representative shall file a supplemental inventory or include the same in the personal representative's accounting."

¶ 10. The definitions section of the Probate Code defines property as "any interest, legal or equitable, in real or personal property, without distinction as to kind, including money, rights of a beneficiary under a contractual arrangement, *choses in action* and anything else that may be the subject of ownership." Wis. Stat. § 851.27 (emphasis added). Under Wisconsin law, a "chose in action" includes a lawsuit. *State v. Manthey*, 169 Wis. 2d 673, 689, 487 N.W.2d 44 (Ct. App. 1992) (noting that "a lawsuit-is a chose in action"); *see also* Black's Law Dictionary 258 (8th ed. 2004) (defining a chose in action as "[t]he right to bring an action to recover a debt, money, or thing"). Further, a potential personal injury action is property of an estate. *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 310–11, 294 N.W.2d 437 (1980) (concluding "under sec. 895.01(1), Stats., causes of action for the recovery of 'damage to the person,' that is, personal injury actions, survive" as property of the estate).

¶ 11. After examining Wis. Stat. § 814.66(1)(b)2. in light of Wis. Stat. §§ 880.18, 858.01, 858.07, 858.17 and 851.27, we conclude that § 814.66(1)(b)2. is unambiguous. Thus, Brad S.'s unliquidated tort claim was property of his estate when the inventory was filed. It should have been listed in his guardianship inventory.

¶ 12. We now turn to the effect of a claim becoming liquid after the inventory is filed. Angela S. argues that our analysis in *Trust Estate of Rice v. County of*

48

*Monroe*, 187 Wis. 2d 659, 523 N.W.2d 168 (Ct. App. 1994), controls. In *Rice*, we concluded that WIS. STAT. § 814.66(1)(a)[2] did not allow the Register in Probate to collect a fee for a testamentary trust inventory after a filing fee had already been paid for the petition for administration of the estate. *Id.* at 666–67. We concluded the legislature intended the filing fee to be based on the value of the estate, not on services rendered. *Id.* Because the fee had already been paid based on the total value of the estate, § 814.66(1)(a) did not require a second fee based on the additional service of establishing the trust. *Id.*

■

¶ 13. *Rice*, however, is inapposite. There we addressed the requirement of an additional fee based on an additional service. Here we address an additional fee based on a reevaluation of the value of the already-inventoried estate. As we said in *Rice*: "The legislature has chosen to raise revenue for the probate court system by requiring a fee based on the value of the estate, not the number or complexity of the tasks and services involved in distributing the estate's assets." *Id.* at 667 (citing *Treiber v. Knoll*, 135 Wis. 2d 58, 65, 398 N.W.2d 756 (1987)). Because the legislature intended the focus of the filing fee to be the value of the estate, all assets must be inventoried and valued in determining the fee. *See* WIS. STAT. § 814.66(1)(b)2. and 858.07. A personal injury action, as an asset of the estate, must be listed in the inventory. This remains true even if the value of the action cannot be determined until after the inventory is filed.

---

[2] WISCONSIN STAT. § 814.66(1)(a) states the filing fee for proceedings concerning a deceased's estate, and parallels the fee calculation for filing a petition for guardianship under § 814.66(1)(b)2.

¶ 14. We agree with Jefferson County that the fact that Brad S.'s personal injury claim existed when the inventory was filed is pivotal. If Brad S. had acquired the right to sue for personal injuries after the guardianship inventory was filed, the claim may not have been an asset of the estate at the time the estate was inventoried. In that case, the claim may be properly excluded from the inventory and the proceeds of the claim likely would not be considered in calculating the filing fee. Here, however, it is uncontested that the cause of action existed at the time the inventory was filed. The fact that the exact value of the claim was unknown does not exclude it from the value of the estate. While the value of an unliquidated claim is unknown, the subsequent liquidation of the claim determines its value. Thus, Angela S. was required to list the claim on the inventory with an unknown value, and later supplement that inventory when the claim was liquidated, pursuant to WIS. STAT. § 858.17.

¶ 15. We conclude that the legislature intended the probate filing fee under WIS. STAT. § 814.66(1)(b)2. to be based on the total value of the estate at the time of inventory, including the value of pending personal injury actions. Thus, liquidation of those claims requires a supplemental inventory under WIS. STAT. § 858.17. We therefore affirm.

*By the Court.*—Order affirmed.