SHIRLEY S. ABRAHAMSON, C.J.
¶ 48. (concurring). The majority opinion strays far from the text of the statute to interpret Wis. Stat. § 346.65(2)(am)6. as requiring a mandatory bifurcated sentence.[1] The text does not refer to a mandatory minimum sentence.
¶ 49. The majority opinion ditches the plain text and interprets the statute, which it views as ambiguous,[2] by examining the statutory history, the statutory structure, the legislative history,[3] and the statute's "contextually manifest purpose," a phrase not defined in the statutes or case law. An examination of a "contextually manifest purpose" is too easily manipulated to provide a workable tool for statutory interpretation.
¶ 50. The majority opinion concludes that a mandatory minimum penalty conforms to the graduated penalty structure for serial, multiple offenders that is designed to accomplish the "contextually manifest purposes" of punishment, treatment, and protection of the public. Majority op., ¶ 36.
¶ 51. A mandatory minimum penalty is not, however, the only possible interpretation of the statute that *614 would meet those contextually mandated purposes. The legislature may have intended to grant a circuit court discretion in imposing a sentence on a serial offender for whom incarceration has not effectively deterred repeat offenses. The legislature may have had in mind the beneficial effects of granting a sentencing court discretion to enable it to choose the most effective sentencing strategy for each individual to reduce recidivism and protect public safety.
¶ 52. The legislature is well aware that the court system has developed effective justice strategies, including problem-solving treatment courts, to treat and prevent behaviors such as substance abuse that may underlie an individual's criminal behavior. The legislature has supported these efforts.
¶ 53. For example, Waukesha County has an Alcohol Treatment Court (WATC).[4] Milwaukee County runs a similar program. Many of the county programs are funded by the legislature through a grant program (popularly known as TAD, Treatment and Diversion) administered by the Department of Justice.[5] The goal of these treatment court programs is not only to address underlying issues such as substance abuse that may contribute to an individual's criminal behavior but also to enhance public safety and reduce recidivism.
¶ 54. In contrast to the majority opinion, the court of appeals concluded that the statute did not establish a mandatory minimum sentence. The court of appeals, like the majority opinion, examined the statutory history and surrounding statutes that contain the *615 mandatory minimum language (that is missing in Wis. Stat. § 346.65(2)(am)6.), the complex sentencing scheme, and the public policy concerns that could have led the legislature not to create a mandatory minimum statute.
¶ 55. After reading the majority opinion and rereading the decision of the court of appeals, I find the court of appeals' reasoning more convincing.
¶ 56. Nevertheless I concur, rather than dissent, because the legislature has recently clarified the language of the statute to now require a mandatory minimum sentence.
¶ 57. On April 11, 2013, the court of appeals filed its opinion in the instant case, holding that a bifurcated sentence for a seventh OWI offense was not mandatory under Wis. Stat. § 346.65 (2009-10). Later in the same month, 2013 Assembly Bill 180 was introduced in the Wisconsin Assembly, requiring a court to impose a bifurcated sentence for a seventh, eight, ninth, tenth, or subsequent OWI offense. The bill was enacted on April 8, 2014, published on April 9, 2014, and took effect April 10, 2014.[6]
¶ 58. The Wisconsin Legislative Council Act Memorandum regarding the new statute states that the legislature modified the statute to require the mandatory bifurcated sentence language as a response to the court of appeals' interpretation in the instant case.[7]
¶ 59. Although the new legislation does not govern the present case, the provisions of the new legisla *616 tion may be accorded weight to aid us in determining what the legislature intended in the statute at issue in the instant case. See, e.g., State v. Cole, 2003 WI 49, ¶ 40, 262 Wis. 2d 167, 663 N.W.2d 700 (interpreting a statute based on later-in-time "supplemental legislation"); McGarrity v. Welch Plumbing Co., 104 Wis. 2d 414, 427, 312 N.W.2d 37 (1981) (interpreting the purpose of child labor laws and administrative rules based on later enactments by the legislature).[8]
¶ 60. In the instant case, I read the legislative response to the court of appeals to signal the legislature's purpose.
¶ 61. For the foregoing reasons, I write separately.
¶ 62. I am authorized to state that Justice ANN WALSH BRADLEY joins this concurrence.

 Majority op., ¶ 47.

 Majority op., ¶¶ 6, 39. The defendant argued at the court of appeals and in this court that the statute was unambiguous and that its plain meaning did not create a mandatory bifurcated sentence. The State argued that the statute was ambiguous and that it was subject to more than one reasonable interpretation.

 Nothing in the legislative history expressly states the legislative intent about requiring a bifurcated sentence with a mandatory minimum confinement period of three years.

 Waukesha Alcohol Treatment Court, Wisconsin Community Services, http://www.wiscs.org/programs/court_community_services/waukesha_drug_treatment/ (last visited June 25, 2014).

 Wis. Stat. Ann. § 165.95 (West Supp. 2013).

 Majority op., ¶ 12, n.5.

 Wisconsin Legislative Council Act Memo, 2013 Wis. Act 224 [2013 A.B. 180], OWI Penalties and Testing at 1, available at https://docs.legis.wisconsin.gov/2013/related/lcactmemo/act 224.pdf (last visited June 25, 2014).

 See generally 2B Norman J. Singer & J.D. Shambie Singer, Sutherland Statutes and Statutory Construction § 49:10 at 129 (7th ed. 2012) ("Where a legislature amends a former statute, or clarifies a doubtful meaning by subsequent legislation, such amendment or subsequent legislation is strong evidence of the legislative intent behind the first statute," citing, inter alia, McGarrity v. Welch Plumbing Co., 104 Wis. 2d 414, 312 N.W.2d 37 (1981)).