No. 55,420

CAPITOL FEDERAL SAVINGS & LOAN ASSOCIATION, a corporation, *Plaintiff,* v. LOREN H. HOHMAN, SR., BETTY LOU HOHMAN, *et al., Defendants,* and DONALD GABLER and LEAH F. GABLER, *Cross-Petitioners/Appellees,* v. LOREN H. HOHMAN, SR., and BETTY LOU HOHMAN, *Appellants.*

(682 P.2d 1309)

Opinion filed July 13, 1984.

*Thomas W. Regan,* of Topeka, argued the cause and was on the brief for the appellants Loren H. Hohman, Sr. and Betty Lou Hohman.

*Ralph E. Skoog,* of Ralph E. Skoog, P.A., of Topeka, argued the cause and was on the brief for the appellees Donald Gabler and Leah F. Gabler.

The opinion of the court was delivered by

SCHROEDER, C.J.: This case comes before the court for review of the decision of the Court of Appeals found at 9 Kan. App. 2d 217, 675 P.2d 384 (1984). Loren H. and Betty Lou Hohman (defendants/appellants) appealed the trial court's award of punitive damages in favor of Donald and Leah F. Gabler (cross-petitioners/appellees) where no actual damages were awarded in a mortgage foreclosure action. The Court of Appeals held punitive damages may be awarded to the victim of a willful breach of trust where the injury suffered is fully remedied by an equitable decree thereby precluding an award of actual damages. We granted review.

The nature of the case and the pertinent facts were summarized by the Court of Appeals as follows:

"This case started as a mortgage foreclosure action brought by Capitol Federal Savings and Loan Association. At trial the right to foreclose was not in dispute. The controversy centered on the dealings between the mortgagor, Loren Hohman, a Topeka attorney and real estate broker and developer, and Donald Gabler, a business associate and client of Hohman's and the occupant of the property. The facts as found by the trial court are not disputed on appeal and need only be summarized.

"Loren Hohman sold a residential lot to Mr. and Mrs. Gabler in 1976. Because the Gablers were involved in a federal income tax controversy, Hohman, as their attorney, advised them that he should retain title to the property and would deliver a deed to the Gablers at an appropriate time. The Gablers took Hohman's advice, and Hohman retained record title to the property.

"In 1977 the Gablers moved into the house they built on the lot. Over the ensuing years, the Gablers made payments on Capitol Federal's first mortgage, executed by the Hohmans, and also made substantial improvements to the house. In February, 1982, the Hohmans gave a $35,000 second mortgage on the property to Hill and Company to secure a preexisting debt.

"By December, 1981, the Gablers had fallen behind in their payments to Capitol Federal and in March, 1982, Capitol Federal filed this foreclosure action. Among the defendants were Hohman and his wife as record title holders; the Gablers as occupants; and Hill and Company as holders of the second mortgage. The Gablers cross-claimed against the Hohmans, alleging breach of fiduciary duty and praying for actual damages to the extent of any interest of third parties above the mortgage to Capitol Federal and for punitive damages.

"In addition to decreeing foreclosure, the trial court found that a constructive trust existed, with Hohman in a fiduciary relationship to the Gablers by reason of Hohman's agreement to transfer the deed, and that Hohman had an attorney-client relationship with the Gablers. It found that equitable title to the property, and hence the equity of redemption, belonged to the Gablers. It also found that the second mortgage to Hill and Company was given in breach of trust and without consideration and therefore decreed it void. On appeal no issue is raised as to any of these aspects of the judgment.

"However, the trial court also found that Hohman's breach of his fiduciary relationship with the Gablers constituted an independent tort which would support the award of punitive damages and fixed those damages at $15,000. It is from this aspect of the judgment that the Hohmans appeal." 9 Kan. App. 2d 217-18.

The simple issue on appellate review is whether on the facts in this case the rule applies that no punitive damages may be awarded in the absence of actual damages. See *Traylor v. Wachter*, 227 Kan. 221, Syl. ¶ 4, 607 P.2d 1094 (1980), and cases cited therein.

After reviewing the decisions of other jurisdictions we affirm the decision of the Court of Appeals and approve the opinion as written.

The Gablers sustained an injury even though no actual damages were awarded. They were required to establish both their title and the invalidity of the second mortgage through litigation. Had the second mortgage not been declared invalid for lack of consideration, the Gablers would have been entitled to a judgment of $35,000 as actual damages. Under the circumstances equitable relief was granted, which was the substantial equiva-

lent of actual damages, and the deterrent effect of a punitive damage award was proper.

In addition to cases from other jurisdictions cited by the Court of Appeals, holding that a court may award punitive or exemplary damages as incidental to equitable relief, are the following: *Ward v. Taggart,* 51 Cal. 2d 736, 743, 336 P.2d 534 (1959); *Hedworth v. Chapman,* 135 Ind. App. 129, 133-34, 192 N.E.2d 649 (1963); *Holden v. Construction Machinery Company,* 202 N.W.2d 348, 359 (Iowa 1972); *Charles v. Epperson & Co., Inc.,* 258 Iowa 409, 431-32, 137 N.W.2d 605 (1965); *Rexnord, Inc. v. Ferris,* 294 Or. 392, 657 P.2d 673 (1983); *Hutchison v. Pyburn,* 567 S.W.2d 762, 764-66 (Tenn. App. 1977); *Kneeland v. Bruce,* 47 Tenn. App. 136, 148-49, 336 S.W.2d 319 (1960); *International Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567, 582-84 (Tex. 1963); *Russell v. Truitt,* 554 S.W.2d 948, 955 (Tex. Civ. App. 1977); *Nash v. Craigco, Inc.,* 585 P.2d 775, 778 (Utah 1978).

The judgment of the Court of Appeals affirming the trial court is affirmed.

HOLMES, J., not participating.