NOT DESIGNATED FOR PUBLICATION

No. 116,910

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THE STILL CORPORATION, INC., a Kansas Corporation,
*Appellee*,

v.

BRIAN T. STILL and TERESA A. STILL,
*Appellants*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed November 17, 2017. Affirmed.

*Bentson Oleen*, of Oleen Law Firm, LLC, of Manhattan, for appellants.

*Todd A. Luckman*, of Stumbo Hanson, L.L.P., of Topeka, and *Tim W. Ryan*, of Jacobson Ryan, L.C., of Manhattan, for appellee.

Before PIERRON, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Brian T. Still bridles at a judgment for $85,000 in punitive damages the Pottawatomie County District Court entered against him for self-dealing with the Still Corporation when, as corporate president, he bought land from the company at a cut-rate price to the detriment of the other shareholders. Still presents no legal mistake in the award, so we affirm the district court.

1

We sketch some background for context. The Still Corporation was formed nearly 30 years ago to own and manage real estate holdings. About three years ago, the company sold 197 acres of land to Still for $90,000. At that time, Still was president of the company and owned 25 percent of its stock. Three other family members each owned 25 percent of the stock. Still prepared the documents effectuating the sale, although two other shareholders, as corporate officers, signed off on the deal. Evidence submitted to the district court put the actual value of the land Still bought at between $450,000 and $532,000.

When the other shareholders got an inkling of the remarkable imbalance in the transaction, Still Corporation filed suit against Still for fraud and breach of fiduciary duty among other claims. After the parties completed discovery, Still announced at a district court conference that he intended to return the property to the company. The company, not surprisingly, had no objection. The district court then filed a journal entry of judgment that "cancelled and voided" the deed conveying the land from the Still Corporation to Still, found Still and his wife had "no ownership rights" in the land, and directed Still and his wife to "assist in providing any necessary documents" to return the land.

The district court later held a bench trial focusing on the company's claim for punitive damages based on Still's breach of fiduciary duty. The district court acknowledged the factors to be considered in awarding punitive damages and the monetary limitations on those awards set out in K.S.A. 60-3702. The district court noted that Still had comparatively modest annual earnings during the preceding five years but a net worth approaching $1 million. See K.S.A. 60-3702(e)(1). The district court took into account the sizeable financial gain Still would have realized from the land deal had the corporation not taken action. The district court entered judgment for the Still Corporation and against Still for $85,000. Still has appealed.

2

On appeal, Still contests only the punitive damage award—not his liability. We do, however, mention the nature of breach of fiduciary claims, since the character of the wrong shapes the punitive damage award. See K.S.A. 60-3702(b)(1), (2) (district court may consider harm likely to have arisen from defendant's actions and defendant's awareness of that likelihood). Corporate officers owe shareholders a fiduciary duty. See *Becker v. Knoll*, 291 Kan. 204, 208, 239 P.3d 830 (2010); *Newton v. Hornblower, Inc.*, 224 Kan. 506, 514, 582 P.2d 1136 (1978); *Richards v. Bryan*, 19 Kan. App. 2d 950, Syl. ¶ 5, 879 P.2d 638 (1994) ("Kansas imposes a very strict fiduciary duty on officers and directors of a corporation to act in the best interests of the corporation and its stockholders."). A fiduciary generally must act with fairness and in good faith toward the entity to which the obligation is owed and may not convert opportunities or circumstances to his or her own financial advantage at the expense of the entity. See *Becker*, 291 Kan. at 208; *Goben v. Barry*, 234 Kan. 721, 728, 676 P.2d 90 (1984). In short, Still, as the corporate president, breached a fiduciary duty by engineering his purchase of company assets at what he understood to be far less than their true value. A breach of fiduciary duty will support awards of both actual and punitive damages. *Ford v. Guarantee Abstract & Title Co.*, 220 Kan. 244, 261, 553 P.2d 254 (1976).

Appellate courts use an abuse of discretion standard to review a district court's award of punitive damages as complying with K.S.A. 60-3702. *Hayes Sight & Sound, Inc. v. ONEOK, Inc.*, 281 Kan. 1287, 1306, 136 P.3d 428 (2006). A district court may be said to have abused its discretion if the result it reaches is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d

3

1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support in the record. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011) (outlining all three bases for an abuse of discretion).

Still suggests ostensible legal errors upending the district court's award of punitive damages. First, he points out that a plaintiff must receive a monetary award for actual damages or equitable relief as a predicate for punitive damages. *Capitol Fed'l Savings & Loan Ass'n v. Hohman*, 235 Kan. 815, Syl., 682 P.2d 1309 (1984) ("Punitive damages may be awarded to the victim of a willful breach of trust even though the injury suffered is fully remedied by an equitable decree so that no monetary award of actual damages is made."); *Golconda Screw, Inc. v. West Bottoms Ltd.*, 20 Kan. App. 2d 1002, 1008, 894 P.2d 260 (1995) ("[P]unitive damages may be awarded incident to equitable relief without an award of actual damages."). Still contends the district court ignored that rule, since he returned the property to the company and no judgment for actual damages was entered against him. But the argument disregards the journal entry cancelling the deed to Still and his wife and ordering them to provide any documents required to undo the wrongful transaction. That is equitable relief altering the legal relationship of the parties and, thus, supports punitive damages for the breach of fiduciary duty. Although Still announced his intention to return the property amidst the litigation, the district court's order transformed that precatory declaration into an enforceable right of the Still Corporation. Consistent with the rule in *Hohman*, the district court's order supported punitive damages.

Next, Still contends the amount of punitive damages was legally inappropriate. As we have mentioned, the evidence showed that Still's annual income for the preceding five years never exceeded $40,000 but his net worth was nearly $1 million. In K.S.A. 60-3702(e), the legislature imposed various limitations on punitive damage awards. As a baseline, an award typically should not exceed an amount equaling the defendant's

4

highest annual income in the last five years. But if the district court finds that amount would be inadequate, it may make an award equivalent to as much as half the defendant's net worth. K.S.A. 60-3702(e)(1). The district court relied on that alternative limitation to impose the $85,000 award on Still.

We see no legal error. Still had a substantial net worth. And his wrongful conduct entailed a calculated design to enrich himself at the expense of the Still Corporation and, in turn, its other shareholders. Still stood to gain in excess of $300,000 from his self-dealing. An award of $85,000 comes well within the legal framework the legislature constructed in K.S.A. 60-3702. Another statutory alternative regulating the amount of punitive damages, on which the district court did not directly rely, permits an award of up to one and a half times the profit a defendant "expected to gain" from his or her misconduct. K.S.A. 60-3702(f). That provision would have capped punitive damages in this case in the vicinity of $500,000. By the numbers, we find nothing amiss with an award of $85,000.

Punitive damages express societal disapproval of intentional, injurious behavior and serve both to punish the wrongdoer and to deter that sort of behavior. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *Adamson v. Bicknell*, 295 Kan. 879, Syl. ¶ 3, 287 P.3d 274 (2012). Given its size, the punitive damage award here ought to discourage corporate officers from violating their duty to deal with corporations and their shareholders in the utmost fidelity and fairness. And the award appropriately punishes Still for having deliberately breached that duty. Still has suggested any punitive award ought to be excused or moderated because the other shareholders should have known the approximate value of the land he purchased. Even assuming that to be true, the suggestion misses the point. Still had a duty to act faithfully in the interests of the shareholders rather than scheming to fleece them if he could get away with it. The other shareholders had a right to rely on Still's performance of that duty as the company president. They were not obligated to

police his actions for malfeasance or dishonesty, and they did not somehow forfeit the corporation's right to relief by failing to scrutinize this transaction.

In short, the district court properly entered a carefully calibrated punitive damage award against Still. The district court's decision was free from error.

In closing, we mention the Still Corporation's argument, raised for the first time on appeal, that Still acquiesced in the judgment for punitive damages and, therefore, lost his right to appeal. If correct, that would provide an independent basis for denying Still's appeal, leaving the punitive damage award intact. Under Kansas law, a party acquiescing in a judgment either by accepting its benefits or satisfying its obligations cannot thereafter challenge the judgment on appeal. *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 13, 287 P.3d 287 (2012).

In support of its position, the Still Corporation attached to its brief a district court filing from May 2017 reporting that Still, through his lawyer, tendered $85,000 "to be applied to the plaintiff's judgment." The filing, however, is not part of the record on appeal. We cannot, therefore, consider it. See *Romkes v. University of Kansas*, 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014) (appellate court cannot rely on documents accompanying brief not included in formal record on appeal).

Moreover, the record *does* include a journal entry pertaining to a hearing in aid of execution the Still Corporation conducted. The journal entry seems to show an accommodation under which the company permitted Still to retain cattle that it otherwise could have immediately seized and sold in partial satisfaction of the judgment—with the understanding Still would both turn over proceeds from a later sale up to the amount of the judgment and refrain from encumbering the cattle in the meantime. The journal entry, thus, indicates an agreement effectively recognizing the Still Corporation's legal authority to seize the cattle and deferring the exercise of that authority for the parties' mutual

6

benefit. The record on appeal portrays something that at the very least appears to be inconsistent with acquiescence. See *Vap v. Diamond Oil Producers, Inc.*, 9 Kan. App. 2d 58, 61-62, 671 P.2d 1126 (1983) (unopposed garnishment of debtor's bank account deemed acquiescence in judgment unlike seizure of debtor's real or personal property). The record does not contain a transcript of any district court proceedings related to the hearing in aid of execution. Based on what's in front of us, we decline the Still Corporation's invitation to find the appeal undone because Still acquiesced in the judgment. See *In re K.M.H.*, 285 Kan. 53, 82-83, 169 P.3d 1025 (2007) (party has duty to furnish sufficient record on appeal to permit review of points raised).

Affirmed.